UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAJUAN L. AKINS,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security<br><br>    Defendant. | No. 17 C 3012<br><br>Magistrate Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiff Tajuan L. Akins filed this action seeking reversal of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act. The parties consented to the jurisdiction of the United States Magistrate Judge, pursuant to 28 U.S.C § 636(c), and Plaintiff filed a request to remand for additional proceedings before the ALJ. This Court has jurisdiction pursuant to 42 U.S.C. § 1383(c) and 405(g). For the reasons stated below, the case is remanded for further proceedings consistent with this Opinion.

## I. PROCEDURAL HISTORY

Plaintiff testified at a hearing before an Administrative Law Judge (ALJ) on April 28, 2015, in Valparaiso, Indiana. (R. at 12). The ALJ also heard testimony

from Richard Riedl, a vocational expert (VE). (*Id.*). Following the hearing, additional records were entered into the administrative record. (*Id.*).

The ALJ denied Plaintiff's request for DIB on July 23, 2015. (R. at 12–23). Applying the five-step sequential evaluation process, at step one the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of October 31, 2011 through his date last insured of June 30, 2015. (*Id.* at 14). At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease, migraines, and fibromyalgia. (*Id.* at 15). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listings enumerated in the regulations. (*Id.* at 17). The ALJ then assessed Plaintiff's residual functional capacity (RFC)[1] and determined that, since June 30, 2015, Plaintiff had the RFC to perform light work except:

> occasional ramps, stairs, ladders, ropes, and scaffolds; frequently balancing, stooping; frequently balancing, stooping, kneeling, crouching, and crawling; no working at unprotected heights, with moving mechanical parts, or operating a motor vehicle; could tolerate only occasional exposure to extreme cold and vibrations; limited to exposure to moderate noise; and with a sit/stand option that after sitting for 30 minutes to an hour the claimant could stand up and after standing 30 minutes would be able to sit down without being off task. (R. at 17).

The ALJ determined at step four that Plaintiff was unable to perform any past relevant work through the date last insured. (*Id.* at 21). Based on Plaintiff's RFC,

---

[1] Before proceeding from step three to step four, the ALJ assesses a claimant's residual functional capacity. 20 C.F.R. § 404.1520(a)(4). "The RFC is the maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675-76 (7th Cir. 2008).

age, education, work experience, and the VE's testimony that Plaintiff is capable of performing work as a packager, assembler, and office helper, the ALJ determined at step five that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (*Id.* at 21–22). Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time from October 31, 2011 through June 30, 2015. (*Id.* at 23).

On February 21, 2017, the Appeals Council denied Plaintiff's request for review. (R. at 1–5). Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *Villano v. Astrue*, 556 F.3d 558, 561–62 (7th Cir. 2009).

## II. STANDARD OF REVIEW

A Court reviewing the Commissioner's final decision may not engage in its own analysis of whether the plaintiff is severely impaired as defined by the Social Security Regulations. *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Nor may it "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute [its] own judgment for that of the Commissioner." *Id.* The Court's task is "limited to determining whether the ALJ's factual findings are supported by substantial evidence." *Id.* (citing § 405(g)). Evidence is considered substantial "if a reasonable person would accept it as adequate to support a conclusion." *Indoranto v. Barnhart*, 374 F.3d 470, 473 (7th Cir. 2004). It "must be more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). The ALJ's decision must be explained "with enough detail

and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005).

Although this Court accords great deference to the ALJ's determination, it "must do more than merely rubber stamp the ALJ's decision." *Scott v. Barnhart,* 297 F.3d 589, 593 (7th Cir. 2002) (citation omitted). "[T]he ALJ must identify the relevant evidence and build a 'logical bridge' between that evidence and the ultimate determination." *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014). Where the Commissioner's decision "lacks evidentiary support or is so poorly articulated as to prevent meaningful review, the case must be remanded." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

### III. DISCUSSION

Plaintiff makes a number of arguments challenging the ALJ's decision. After reviewing the record and the parties' briefs, the Court is convinced by Plaintiff's arguments that the ALJ erred in her decision to give Plaintiff's treating physician's opinion "little evidentiary weight" and her RFC finding regarding Plaintiff's ability to sit and stand.[2]

The ALJ acknowledged that Dr. Chao Gong, M.D. was one of Plaintiff's treating physicians. (R. at 20). The record shows that Dr. Gong diagnosed Plaintiff's fibromyalgia (*id.* at 643) and in May 2014, Dr. Gong completed a fibromyalgia medical source statement for Plaintiff, reporting that he had been seeing Plaintiff since July 2013 once every three to four months. (*Id.* at 852–56). In that statement, Dr. Gong

---

[2] Because the Court remands on these grounds, it does not address Plaintiff's other arguments at this time.

opined that Plaintiff needed a job that permits shifting positions "at will" from sitting, standing, or walking. (*Id*. at 855).

Disregarding that opinion, the ALJ found that Plaintiff did *not* require an "at will" sit/stand option. Instead, the ALJ concluded that Plaintiff could perform light work that allowed for "after sitting for 30 minutes to an hour the claimant could stand up and after standing for 30 minutes would be able to sit down without being off task." (*Id*. at 17, 22). The ALJ did not explain why she discounted Dr. Gong's opinion and came to her own conclusion about Plaintiff's ability to sit and stand at work.

Remand is required because the ALJ failed to articulate the reasons she gave "little evidentiary weight" (R. at 20) to the opinion of Plaintiff's treating physician. A treating doctor's opinion is entitled to controlling weight if the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." 20 C.F.R. § 404.1527(d)(2). A treating physician typically has a better opportunity to assess a claimant's limitations than a nontreating physician. *Books v. Chater*, 91 F.3d 972, 979 (7th Cir. 1996). "More weight is given to the opinion of treating physicians because of their greater familiarity with the claimant's conditions and circumstances." *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003). As a result, an ALJ "must offer 'good reasons' for discounting a treating physician's opinion," and "can reject an examining physician's opinion only for reasons supported by substantial evidence in the record; a contradictory opinion of a non-examining physician does not, by itself, suf-

fice." *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) (citing 20 C.F.R. § 404.1527(d)(2); other citation omitted).

If a treating physician's opinion is not given controlling weight, an ALJ must still consider a variety of factors, including: (1) the nature and duration of the examining relationship; (2) the length and extent of the treatment relationship; (3) the extent to which medical evidence supports the opinion; (4) the degree to which the opinion is consistent with the entire record; (5) the physician's specialization if applicable; and (6) other factors which validate or contradict the opinion. 20 C.F.R. § 404.1527(d)(2)–(6); *see also Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011). The Seventh Circuit has also stated that an ALJ must not substitute her own judgment for a physician's opinion without relying on other medical evidence or authority in the record. *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000).

Here, the ALJ broadly concluded that "[a]lthough he is one of the claimant's treating physicians, Dr. Gong's opinion is simply not supported by the totality of the evidence." (R. at 20). The ALJ then discussed evidence concerning Plaintiff's wrists, fingers, hands, gastrointestinal system, gait, and observations about whether Plaintiff was in distress. (*Id.*). It is not clear to the Court how this discussion supports the ALJ's decision to give Dr. Gong's opinion little weight. Nowhere in the ALJ's opinion did she assess any of the relevant factors as to Plaintiff's treating doctor, Dr. Gong. This failure to "sufficiently account [ ] for the factors in 20 C.F.R. § 404.1527," *Schreiber v. Colvin*, 519 F. App'x 951, 959 (7th Cir. 2013), prevents this Court from assessing the reasonableness of the ALJ's decision.

Additionally, the ALJ failed to build a logical bridge from the evidence to her determination in the RFC about Plaintiff's sit/stand option. An RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mills v. Colvin*, 959 F. Supp. 2d 1079, 1094 (N.D. 111. 2013) (quoting SSR 96-8p, 1996 SSR LEXIS 5.). In support of her RFC, the ALJ cited various medical records, showing, for example, that Plaintiff sometimes had restricted range of motion and pain in his neck, back, and extremities and an antalgic gait, and other times showed normal range of motion and gait. (R. at 18–19). The ALJ did not explain why the evidence favorable to Plaintiff was outweighed by less favorable evidence, particularly in light of the treating doctor's opinion that Plaintiff needed to sit and stand at will and the ALJ's finding that Plaintiff's fibromyalgia (which Dr. Gong diagnosed (R. at 643)) was a severe impairment and acknowledgment that fibromyalgia is a "complex medical condition." (*Id.* at 17).

Despite this finding, the ALJ did not explain how fibromyalgia factored into Plaintiff's limitations and ability to work particularly in regards to Plaintiff's sit/stand option. The Seventh Circuit has stated that fibromyalgia symptoms are "entirely subjective," "[t]here are no laboratory tests for the presence or severity of fibromyalgia, and there is no cure. *Sarchet v. Chater,* 78 F.3d 305, 306 (7th Cir. 1996). "[S]ymptoms, signs, and contemporaneous conditions" associated with fibromyalgia include widespread pain, muscle aches, stiffness, fatigue, and depres-

sion. *Thomas v. Colvin,* 826 F.3d 953, 959 (7th Cir. 2016). The ALJ's opinion does not fully reflect an understanding of the nature of fibromyalgia including that fibromyalgia pain in particular may fluctuate in intensity and may not always be present. SSR 12-2p.

In sum, the ALJ did not provide good reasons for discounting the treating physician's opinion and her decision regarding Plaintiff's sit/stand option was not supported by substantial evidence. The Court cannot assess the validity of the ALJ's findings and provide meaningful judicial review. On remand, the ALJ shall properly consider and weigh treating physician opinions, the testimony of Plaintiff, then reevaluate Plaintiff's impairments and RFC, considering all of the evidence and testimony of record and shall explain the basis of her findings in accordance with applicable regulations and rulings. With the assistance of a VE, the ALJ shall determine whether there are jobs that exist in significant numbers that Plaintiff can perform.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's request to remand for additional proceedings [12] is **GRANTED**, and the Commissioner's motion for summary judgment [15] is **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision is reversed, and the case is remanded to the Commissioner for further proceedings consistent with this opinion.

E N T E R:

Dated: April 10, 2018

_____
MARY M. ROWLAND
United States Magistrate Judge